# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JAMES R. CHUMLEY, d.b.a. CHUMLEY TRUCKING, <br><br> Plaintiff, <br><br> v. <br><br> NAVISTAR, INC., <br><br> Defendant. | Case No. 3:18-cv-0510 <br> Judge Aleta A. Trauger |

## MEMORANDUM AND ORDER

Pending before the court is a Motion to Dismiss (Docket No. 6) filed by the defendant, Navistar, Inc. ("Navistar"), to which the plaintiff, James R. Chumley, d.b.a. Chumley Trucking ("Chumley"), has filed a Response (Docket No. 8). For the reasons discussed herein, the motion will be granted.

## BACKGROUND[1]

Navistar manufactures and sells commercial trucks. Chumley purchased five trucks from Navistar on three separate dates: May 12, 2014, November 11, 2014, and April 6, 2015. The total purchase price for the trucks was $398,058. Each of the trucks was covered by a two-year/200,000 mile "International Confidence" warranty (collectively, the "Warranty"). Each of the trucks broke down in a manner that, according to Chumley, is covered under the Warranty. Chumley paid to have the trucks repaired, including costs for parts, labor, wrecker bills, and motel stays for the trucks' drivers. Chumley submitted claims to Navistar under the Warranty for each truck, but Navistar failed to pay for the repairs.

---

[1] The facts are viewed in the light most favorable to the plaintiff.

On May 9, 2018, Chumley filed a Complaint on Sworn Account in the Chancery Court of Rutherford County, Tennessee, seeking to recoup $605,500 from Navistar. (Docket No. 1-1 at 3.) Chumley brings his claim pursuant to Tenn. Code Ann. § 24-5-107, which, he notes, "provides a cause of action based upon Sworn Account." (*Id*. at 4.) Despite stating in his Complaint that he "properly and correctly attached hereto the above aforementioned Affidavit as Exhibit B" (*id*.), Chumley did not file an affidavit with his Complaint. On June 1, 2018, Navistar removed the case to this court. (Docket No. 1.) Three days later, Navistar filed its Motion to Dismiss.

## **LEGAL STANDARD**

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that a plaintiff provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *Twombly*, 550 U.S. at 556. According to the Supreme Court, "plausibility" occupies that wide space between "possibility" and "probability." *Iqbal*, 556 U.S. at 678. If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied.

## **ANALYSIS**

Tennessee law requires that actions on a sworn account be brought "with an affidavit of the plaintiff or its agent as to [the account's] correctness." Tenn. Code Ann. § 24–5–107(a); *see also AMC Demolition Specialists, Inc. v. Bechtel Jacobs Co., LLC*, 3:04–CV–466, 2006 WL 2792401, at *10 (E.D. Tenn. Sept. 26, 2006) ("A complaint on a sworn account must be supported by an affidavit proving the existence and correctness of the account."). As a sister court has explained:

> The civil warrant and affidavit are the mechanism through which a debt collection action is initiated on a sworn account in the general sessions court in Tennessee. In other words, the civil warrant ***and*** affidavit together constitute the formal pleading in general sessions court. To find otherwise, as urged by plaintiff, would conflict with the procedure established by statute in Tennessee and result in a nonsensical nullification of the formal pleading exception. *See Lilly v. RAB Performance Recoveries, LLC*, 2013 WL 3834008 at * 7 (E.D. Tenn. July 23, 2013); *see also White v. Sherman Financial Group*, 2013 WL 5936679 (E.D. Tenn. Nov. 4, 2013).

*Voorhees v. LVNV Funding*, LLC, No. 2:12-CV-77, 2014 WL 4722187, at *8 (E.D. Tenn. Sept. 22, 2014) (emphasis in original); *see also McGhee v. Buffaloe & Assocs., PLC*, No. 2:12-CV-293, 2014 WL 1333730, at *5 (E.D. Tenn. Apr. 2, 2014). "[T]he sworn affidavit . . . serves as the means to conclusively establish the amount owed, such that it becomes a necessary part of the complaint." *Lilly*, 2013 WL 3834008, at *7. Thus, "[a] complaint on a sworn account must be

3

supported by an affidavit proving the existence and correctness of the account." *AMC Demolition Specialists, Inc.*, 2006 WL 2792401, at *10 (dismissing claim on sworn account when complaint did not contain a sworn affidavit).

Chumley has not filed an affidavit. Both the statute under which he brings suit and corresponding Tennessee case law make clear that he cannot state a claim on a sworn account without an affidavit. Chumley's Complaint indicates that he understood this requirement at the time of filing, as it states that an affidavit was "properly and correctly attached" in compliance with Tenn. Code Ann. § 24–5–107(a). (Docket No. 1-1 at 4.) But no such affidavit was attached. Chumley does not address his failure to attach an affidavit in his Response but does request permission to amend his complaint "[t]o the extent [his] claim is insufficient in any way." (*Id.*)

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

Section 24–5–107 facilitates recovery for specific debts, such as a credit card balance. *See Am. Exp. Bank, FSB v. Fitzgibbons*, 362 S.W.3d 93, 96–97 (Tenn. Ct. App. 2011). "The reason and policy of this act are said to be to furnish an easy and ready means of collecting accounts when no real defense exists, unless it shall be denied on oath, and the plaintiff thereby notified to make

proof." *Funk v. Target Nat'l Bank/Target Visa*, No. E2006–02010–COA–R3–CV, 2007 WL 1555843, at *2 (Tenn. Ct. App. May 30, 2007) (citing *Foster v. Scott County*, 107 Tenn. 693, 65 S.W. 22, 23 (Tenn. 1901) (discussing a predecessor statute to Section 24–5–107)). The statute is not meant to provide an alternative theory of liability to traditional tort or contract actions:

> It certainly was not the purpose of the Legislature to sa [sic] far abolish the rules of evidence as to permit the plaintiff . . . in every case where he might suppose he had a cause of action, either in tort or *ex contractu*, to set out his cause of action in the form of an account, . . . [C]ertainly it was never intended by the Legislature to extend this remedy beyond cases of dealings between the parties which were properly matters of account.

*Western & A. R. Co. v. E.A. Mead & Co.*, 36 Tenn. 107, 110 (1856) (discussing predecessor statute). Tennessee courts have held that actions to determine contractual obligations are not properly brought as actions for debt recovery on sworn account under § 24–5–107. *See Nickell, Inc. v. Psillas*, No. M2004-02975-COA-R3-CV, 2006 WL 1865018, at *9 (Tenn. Ct. App. June 30, 2006). In *Nickell*, a paving contractor brought suit against developers, alleging that the developers owed him a debt under the parties' contract for materials sold, paving work, and related services. The court found that the action was not properly characterized as one on sworn account. It explained:

> Nickell's first hurdle to recovery was whether there existed an obligation by Developers to pay. If the obligation to pay and the amount due were not at issue, then the matter may have been debt collection. However, that was not the situation here. . . . Nickell must prove developers breached their obligation . . . before Nickell can recover, i.e., before it establishes a debt owed.

(*Id.*)

Chumley does not seek to recover a specific debt, but rather attempts to establish that Navistar breached its obligations under the Warranty. Chumley's requested damages are not limited to the amount of repair, but include consequential damages such as motel stays for the

5

trucks' drivers necessitated by the breakdowns. Section 24–5–107, meant "to save creditors the trouble and expense of establishing" and collecting specific debts, *Western*, 36 Tenn. at 110, is not the proper vehicle to assert liability for Navistar's alleged breach of warranty.[2] Amendment would therefore be futile because Chumley's sole cause of action is improperly brought under § 24–5–107.

## CONCLUSION

For the foregoing reasons, Navistar's Motion to Dismiss is hereby **GRANTED**. Chumley's claim on sworn account is **DISMISSED**.

This Order constitutes the final judgment in this case.

It is so **ORDERED**.

ENTER this 20th dad of August 2018.

ALETA A. TRAUGER
United States District Judge

---

[2] Chumley's Response does not contest Navistar's argument to this effect.